UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUTOMATED LEGAL SYSTEMS,
INC., a Texas corporation,

                 NO. CIV. S-06-2116 LKK/DAD

    Plaintiff,

  v.                           O R D E R

PROFESSIONAL DOCUMENT
SERVICES, INC., a California
corporation,

    Defendant.
                               /

    Plaintiff Automated Legal Services has brought an action against defendant Professional Document Services alleging trademark infringement and unfair competition. Pending before the court is defendant's motion to dismiss or transfer for improper venue under 28 U.S.C. § 1406(a) or, in the alternative, motion to transfer under 28 U.S.C. § 1404(a). The court decides the matter on the parties' papers and after oral argument. For the reasons set forth below, the court denies the motion to dismiss for improper venue but grants the motion to transfer.

1

# I. Background

Plaintiff filed its complaint on September 22, 2006 in this district, advancing causes of action for trademark infringement and unfair competition. Plaintiff alleges defendant has unlawfully used the mark "ProDoc," despite having notice of plaintiff's ownership of the PRODOC® mark.

Plaintiff provides evidence that defendant conducted business activities within this district, or at least advertised that it did so. First, as of June 2006, defendant's website stated that "In Northern California, we service Santa Clara, San Francisco, Alameda and Sacramento counties." Decl. of Debra Trevin ("Trevin Decl.") ¶ 9, Ex. B. Second, as of June 2006, defendant's website disclosed two offices in Sacramento. Id., Ex. A. It appears that at some point between June 2006 and the filing of defendant's reply brief, these websites were subsequently modified to remove references to Sacramento.

Defendant has tendered evidence it "does not maintain a place of business or conduct business operations within the Eastern District of California." Decl. of Kyle Lum ("Lum Decl.") ¶ 5. Furthermore, defendant submits that its main headquarters, as well as the majority of its documents, files, records, and employees, are located in Simi Valley, California (i.e., in the Central District of California).

# II. Standard

Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28

1  U.S.C. § 1391(a). Section 1391 does not require that a majority
2  of the events have occurred in the district where suit is filed,
3  nor does it require that the events in that district predominate.
4  Rodriguez v. California Highway Patrol, 89 F. Supp. 2d 1131, 1136
5  (N.D. Cal. 2000). All that plaintiff needs to show is that a
6  substantial part of the events giving rise to his claim occurred
7  in the Eastern District of California. See id. If venue is
8  improper in this district, then the court may transfer the case to
9  any district or division in which it could have been brought if it
10 is in the interests of justice. 28 U.S.C. § 1406(a).

11     Similarly, for the convenience of parties and witnesses, a
12 district court may transfer any civil action to any other district
13 or division where it might have been brought if it is in the
14 interests of justice. 28 U.S.C. § 1404(a). However, defendant
15 must make a strong showing of inconvenience to warrant upsetting
16 plaintiff's choice of forum. Decker Coal Co. v. Commonwealth
17 Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The relevant
18 factors in this inquiry include plaintiff's choice of forum,
19 convenience to the parties, convenience to the witnesses, ease of
20 access to evidence, familiarity of the forum with applicable law,
21 feasibility of consolidation with other claims, local interests in
22 the controversy, and court congestion. Williams v. Bowman, 157 F.
23 Supp. 2d 1103, 1106 (N.D. Cal. 2001).

### III. Analysis

25     Defendant has filed a motion to dismiss or transfer for
26 improper venue under 28 U.S.C. § 1406(a) or, in the alternative,

3

1  a motion to transfer venue under 28 U.S.C. § 1404(a).  Fed. R.
2  Civ. P. 12(b)(3).  Plaintiff argues that venue is proper given
3  defendant's contacts in this district and that defendant has not
4  met its burden of proving that transfer is appropriate.  For the
5  reasons set forth below, the motion to dismiss or transfer for
6  improper venue is denied but the motion to transfer is granted.
7       First, venue is proper in this district because a
8  substantial part of the events giving rise to plaintiff's claims
9  occurred in the Eastern District of California.  28 U.S.C.
10 1391(b)(2).  According to defendant's own website, it had two
11 offices in Sacramento as recently as June 2006.  Even if
12 defendant has accurately represented that the website is
13 outdated, it readily concedes that it conducted business within
14 the Eastern District as recently as 2004.  Reply to Pl.'s Opp'n
15 to Mot. to Dismiss at 1.  Because the PRODOC® mark was
16 registered in 1996, Compl., Ex. A, it appears that a substantial
17 part of the events giving rise to plaintiff's claims arose in
18 this district.  Accordingly, venue here is proper, and the
19 motion to dismiss or transfer under 28 U.S.C. 1406(a) is denied.
20      Second, defendant requests that this case be transferred
21 under 28 U.S.C. § 1404(a) to the Central District of California.
22 A district court may transfer any civil action to any other
23 district where it might have been brought "[f]or the convenience
24 of the parties and witnesses, in the interests of justice."  28
25 U.S.C. § 1404(a). Ordinarily, plaintiff's choice of forum is
26 entitled to considerable weight in this determination, but "the

4

1 degree to which courts defer to plaintiff's chosen venue is
2 substantially reduced when the plaintiff's choice is not its
3 residence." Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d
4 1093, 1099 (N.D. Cal. 2006) (internal quotes and citations
5 omitted).  Here, plaintiff is a Texas corporation with its
6 principal place of business in Texas.  Accordingly, plaintiff's
7 choice of forum is not entitled to its ordinary weight. Pacific
8 Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)
9 ("Plaintiff's choice of forum, then, is not the final word.").
10      Moreover, section 1404(a) directs the court to consider the
11 convenience of the parties and witnesses.  Defendant has
12 identified two witnesses, Terri Lum and Kyle Lum, who are
13 residents of Southern California and who would be inconvenienced
14 if forced to travel to Sacramento. See Decl. of Kyle Lum, ¶¶ 8-
15 10; Decl. of Terry Lum ¶¶ 3-5.  As for the convenience of the
16 parties, there is no doubt that it would be more convenient for
17 defendant if this action were litigated in the Central District,
18 given that its main headquarters, files, and records are located
19 in Simi Valley, California.  Plaintiff has not identified any
20 reason why it would be more convenient for it to prosecute this
21 action in the Eastern District versus the Central District.
22      Many of the factors typically employed in analyzing the
23 "interests of justice" consideration are inapplicable here,
24 because the requested transfer is to another district within
25 California.  For example, the issue of forum familiarity with
26 applicable law, and whether the forum has an interest in the

1  controversy, favors neither granting nor denying the requested
2  transfer.  <u>Williams</u>, 157 F. Supp. 2d at 1106.
3       Ultimately, the only considerations to be weighed are, on
4  the one hand, the inconveniences identified by defendant and, on
5  the other hand, plaintiff's stated preference for this district
6  over a sister district.  Because this preference is weakened by
7  the fact that plaintiff is an out-of-state resident, the court
8  finds that defendants have demonstrated a sufficiently strong
9  showing of inconvenience to warrant transfer.

**IV. Conclusion**

11      Accordingly, the court orders that the motion to dismiss or
12 transfer under 28 U.S.C. § 1406(a) is DENIED and the motion to
13 transfer venue to the Central District of California under 28
14 U.S.C. § 1404(a) is GRANTED.
15      IT IS SO ORDERED.
16      DATED:  January 18, 2007.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT